GEORGE AVERY LAND and wife,   )
STELLA FAYE LAND,             )
                             )
      Plaintiffs/Appellees,   )
                             )        Appeal No.
                             )        01-A-01-9611-CH-00524
VS.                           )
                             )        Sequatchie Chancery
                             )        No. 1507
BUSTER CRUM and wife,         )
PATRICIA L. CRUM,             )
                             )
      Defendants/Appellants.  )

FILED

May 9, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF SEQUATCHIE COUNTY
AT DUNLAP, TENNESSEE


HONORABLE JEFFREY F. STEWART, CHANCELLOR



L. Thomas Austin
P. O. box 666
Dunlap, Tennessee 37327
ATTORNEY FOR PLAINTIFFS/APPELLEES

Howard L. Upchurch
P. O., Box 381
Pikeville, Tennessee 37367
ATTORNEY FOR DEFENDANTS/APPELLANTS



**AFFIRMED AND REMANDED**




HENRY F. TODD,
PRESIDING JUDGE, MIDDLE SECTION




CONCURS:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

GEORGE AVERY LAND and wife,      )
STELLA FAYE LAND,                         )
                                                        )
          Plaintiffs/Appellees,               )
                                                        )          Appeal No.
                                                        )          01-A-01-9611-CH-00524
VS.                                                    )
                                                        )          Sequatchie Chancery
                                                        )          No. 1507
BUSTER CRUM and wife,                  )
PATRICIA L. CRUM,                          )
                                                        )
          Defendants/Appellants.         )

# O P I N I O N

The defendants, Buster Crum and wife Patricia L. Crum, have appealed

from the judgment of the Trial Court resolving a boundary dispute favorably to the

plaintiffs, George Avery Land and wife, Stella Faye Land.  The sole issue presented

to this Court by the defendants/appellants is:

> Whether the Chancellor erred by ruling that the common
> boundary line between the parties' properties should be
> surveyed in the course and distance method when there
> were ample natural objects, landmarks, artificial
> monuments and lines of adjoining landowners sufficiently
> describing the common boundary line.

The appellee's version of the issue on appeal is:

> Whether the Chancellor properly set the boundary
> between the parties given all the evidence presented at
> trial.

## I.

### The Factual Situation

According to a surveyor's drawing in the record, the plaintiffs and

defendants own adjoining lots in a 19 lot subdivision.  All of the lots front on the

southerly side of a road variously referred to as "the Old Hill Road," or "the Old Dunlap

Cagle Road."  Lots 1 through 8 vary in width, but lots 9 through 19 have identical

frontages of 200 feet each, and areas varying from 10.5 acres to 12.5 acres.

Plaintiffs' lot is shown as lot 19, and the adjoining lot of defendants is lot 18. The plat shows plaintiffs' lot as fronting 200 feet on the southwesterly side of Old Dunlap Cagle Road and extending back between parallel straight lines 2,100 feet on the northwest side and 2,030 feet plus or minus on the southeast side (the common boundary with lot 18) to a straight dead line on which it measures 255 feet more or less. The plat shows lot 18 fronting 200 feet on the public road and extending between parallel straight lines 230 feet more or less on northwest (the common boundary with lot 19) and 1980 feet on the southeasterly side to a straight dead line on which it measures 260 feet more or less.

## II.

## The Pleadings

The complaint alleges that plaintiffs are owners of property described in a deed exhibited to the complaint. The deed, dated January 9, 1963, states that Everett Roberts and wife conveyed to plaintiffs a tract described in detail as follows:

> Lying and being in the 2nd Civil District, Flat Mountain Baptist Church Community of Sequatchie County, Tennessee, bounded and described as follows:
>
> Beginning on a point in the center line of the Hill (Old) Road opposite a Cross on rock, in the Southeast boundary of the Isaac Williams Triangle, being the Northwest corner of a tract of land conveyed by deed dated _____ Tennessee Land Company to the Trustees of the Flat Mountain Baptist Church of record in Deed Book No. 2 page 248 in the Register's Office of Sequatchie County, Tennessee; thence with the center line of the Hill Road and the West boundary line of the Church property South 26° and 53' East 325.0 feet to the Southwest corner of said Church property, continuing with the center line of the Hill Road South 25° East 700.0 feet to a point with pine and red oak pointers; thence South 58° and 30' West, crossing branch 780 feet, fence corner 945 feet, with fence line 1778 feet fence corner, crossing branch 1950 feet, in all 2100.0 feet to a stake with chestnut oak pointer; thence North 4° and 15' West, fence corner 300 feet, with fence line 1208 feet fence corner, 1292 road, 1600 feet road, in all 1808 feet to a stake in painted line and fence line, being the South line of the Isaac Williams 369 acre tract; thence with the South line of the Williams tract and fence line North 77° and 14' East

140.0 feet to a Tennessee Land Company iron corner; thence with the west line of the Isaac Williams Triangle South 12° and 46' East 989.1 feet to a Tennessee Land Company iron corner; thence with the South line of the Isaac Williams Triangle North 46° and 26' East 100.0 feet a Tennessee Land Company iron pointer corner, continuing North 26° and 26' East with the South line of the Esaac Williams Triangle 1505 feet to the point of beginning, containing 45 acres, more or less. (The emphasized verbiage of plaintiff's deed describe the disputed boundary line.)

The complaint also alleged that the defendants are the owners of land described in a deed exhibited to the complaint and recorded on July 10, 1982. Said deed states that Cynthia Austin conveyed to defendants land described as follows:

a certain tract or parcel of land in 2nd Civil District of Sequatchie County, State of Tennessee, as follows:

BEGINNING at a stake in the south margin of the old Dunlap-Cagle (Old Hill Road), said point being the northwestern corner of the tract of land acquired by Stephen T. Greer, et al, by deed recorded in Deed Book 48, page 418, Register's Office of Sequatchie County, Tennessee, said point also being a corner to the property of Avery Land, thence along the south margin of said Old Cagle Road (Old Hill Road), South 23 deg. 32' East 200 feet to a stake in the south margin of said road, then South 52 deg. West 2,030 feet more or less, to a point in the original southwest boundary line of property acquired by Stephen T. Greer, et al, by deed recorded in Deed Book 48, page 418, thence Northwestwardly along the original southwest boundary line of said original tract 255 feet more or less, to the southwest corner of the Avery Land property, thence along the southeast line of said Avery Land property North 38 deg. 30' East 2,100 feet to the point of BEGINNING, containing 10.7 acres, more or less. (The emphasized words of defendant's deed describe the disputed boundary line.)

Being the same property conveyed to Cynthia Austin from Stephen T. Greer, et al, by deed of record in Deed Book 57, page 382 Register's Office of Sequatchie County, Tennessee.

The complaint further alleged that defendants had committed trespass and waste upon plaintiffs' property.

The answer admitted the above mentioned deed, but denied encroachment upon plaintiff's land.

## III.

## The Decision of the Trial Court

After a non-jury trial, on June 2, 1993, the Trial Court entered an order containing the following:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the property line shall extend two hundred (200.0) feet along the road beginning with the iron marker which is common to the defendants and Mr. Lockhart, and there is no dispute as to the southern boundary of the defendants which shall go from the corner of Mr. Lockhart at least two hundred fifty five (255.0) feet as called for in the defendants' deed, if it goes to the pile of rocks with the iron pin therein as the plaintiff, George Avery Land, testified. From those two (2) marks, the line shall be a straight call from the point established on the road to the point established on the back side of the property, with said line to be established by a survey and the expense of said survey to be borne equally by the parties hereto. The survey of said property is attached to this order, along with a portion of the Chancellor's memorandum opinion, which are hereto designated as Exhibits "A" and "B".

Exhibit A to the order of the Trial Court is exhibited to this opinion as Exhibit A.

## IV.

## Resolution of the Issues

The parties are agreed as to the location of the termini of the disputed line, i.e., the corner at the road and the corner at the rear of the property. Plaintiffs contend, and the Trial Court found that the boundary was a straight line between the two corners. The defendants insist that the line meanders to conform to certain natural and artificial monuments not mentioned in deeds but which, according to the

- 5 -

testimony of Mr. Crum, were pointed out to Mr. Crum by Mr. Land shortly after the defendants purchased their lot. Mr. Land testified that he did not point out the disputed monuments to Mr. Crum. This is the only disputed testimony in the record, and it is determinative of the appeal.

Mr. Land explained that the disputed monuments were painted marks on trees which had been placed by him well within his lot to prevent some timber cutters from cutting trees on adjoining land, a part of which later became the defendants' lot. The Trial Judge evidently accredited the testimony of Mr. Land in preference to that of Mr. Crum, thereby reaching the result above stated.

The rule concerning preference of natural and artificial monuments is inapplicable where they are not needed to complete ambiguous or incomplete deed discriptions.

In Thornburg v. Chase, Tenn. App. 1980, 606 S.W.2d 672, this Court reversed a boundary line judgment and held that, although an unascertained or disputed boundary may be established by a parol agreement, the evidence did not establish such an agreement; that, in establishing disputed boundaries, natural landmarks are considered first, artificial marks or monuments are considered second, and finally courses and distances; and that this rule of construction is designed to aid in determining the intention of the parties to a deed which is to be determined if possible from the instrument in connection with the surrounding circumstances.

The cited opinion is not authority for modifying a clear description in a deed which requires no interpretation.

In Prichard v. Rebori, 135 Tenn. 328, 186 S.W. 121 (1916), the Supreme Court held that the reason for the preference of monuments is that the

parties are presumed to have examined the property and to have taken note of the monuments in the line. This observation has no application where there is no need to supplement the deed discription.

The deed to defendants, quoted above, described the disputed line as follows:

> . . . thence along the south margin of said Old Cagle Road (Old Hill Road) South 23 deg. 32' East to <u>a stake in the south margin of said road, thence South 52 deg. West 2030 feet more or less to a point in the southwest boundary line of property acquired by Stephen T. Greer et al by deed recorded in Deed Book 48 page 418</u> . . . .

The deed to plaintiffs, quoted above, described the line as follows:

> - - - thence south 58 degrees and 30 minutes west - - - 2,100 feet to a stake - - -.

The parties agree upon the two points or corners which are connected by the disputed line. The course of said line is clearly stated as South 52 degrees west or south 58 degrees 30 minutes west. No physical monuments are mentioned, hence the line must be a straight line in the direction stated without deviation.

The plats drawn by the various surveyors show courses different from the courses stated in the deeds of the parties, but this is considered irrelevant because no surveyor showed a deviation from a straight line except the surveyor for defendants whose testimony included the following:

> Q.   Okay. Does the Crum deed name any monuments or physical points on the ground that you could find?
>
> A.   No, it's not calling for physical points. It does call for going with the Avery land.
>
> . . .
>
> A.   The land deed is very precise in its notation of physical monuments. It -- the part that's pertaining to this comes down the center of Hill Road, says to a point. Of course, that's a point in the center of the road and no longer decipherable. But from there it goes so many feet,

780 feet crossing a branch, hits a fence corner at 945 feet, then with the fence line 1778 feet to a fence corner and then crossing a branch 1950 for a total of 2100 to a stake with chestnut pointer.

. . .

Q.    Okay.  On the road side of it, the line starts with a pine and red oak pointers.  Did you find a pine and red oak pointers on the road side of it?

A.    The pine and red oak pointers, if you'll note, that comes down the center of the road.

Q.    Yes, sir.

A.    And no, those were not existing.  We did find an established corner off of the road on the right-of-way.

. . .

Q.    Okay.  Now, after finding those two points, what did you do to try to ascertain the location of the actual line on the ground between those two points?

A.    After viewing all of the evidence, according to reestablishing the lines state law, you take physical evidence or physical markers holding precedent.  And with Crum's deed simply calling for a bearing, a course in distance, and calling for going with the Avery line, we look for the Avery land at the Avery Land deed and the monuments on it.  The monuments on it, being many for that length of line, and the particular line that was there we found an existing painted line that had been painted at least twice.  We followed that line.  And we did not shoot it by course in distance because of the physical evidence taken precedent over it.   And we found natural monuments, which is called -- creeks would be a natural monument.  And we found there's two of those called for in the deed.  They are existing.  They are there.  We found, also, artificial monuments, which is -- fences would be an artificial monument.  We found that called for in the deed.

Q.    Okay.  What you're saying, I believe, if Mr. Austin will permit, is that the rules of instruction, when you're trying to establish a boundary line, say you look to natural monuments first, artificial monuments next, and the last thing you look to is course and distances, correct?

A.    Right.

Q.    And you were looking for natural or artificial monuments between the two points that you've already testified to, on the ground; is that correct?

A.    Yes.

Q.`Okay. Now, after -- after making that examination, Mr. Bradley, did you establish a -- did you draw a line through there and establish on the line the actual artificial and natural monuments that you found on this line?

A.      Yes.

The testimony of this witness suggests numerous monuments upon which the defendants rely; but neither the testimony of this witness nor the plat presented by him furnishes any guidance for the establishment and later delineation of a boundary line other than the two agreed upon corners.

The testimony of Mr. Crum supports his reliance upon an agreed boundary, but his engineering testimony does not properly delineate the boundary on a plat or a complete metes and bounds description.

Moreover, Mr. Crum's testimony as to the agreed boundary is contradicted by Mr. Land, and the Trial court accepted the version of Mr. Land.

The description in defendant's deed, quoted above, contains only two landmarks, the termini which are agreed upon by the parties, and no other landmarks. It contains no other land marks and only one compass direction (South 52 degrees West).

As above indicated, defendant's testimony as to agreed or admitted landmarks was not accepted by the Trial Judge and this Court concurs in that finding.

The description in plaintiff's deed, quoted above, does contain some landmarks, but the courses and distances between the landmarks are insufficient to require a modification of the judgment of the Trial Court.  From the agreed northerly corner, the line proceeds in the direction of south 58, 30 degrees 30 minutes west, crossing a branch at 780 feet, passing a fence corner at 945 feet, following a fence

to 1,778 feet to another fence corner and crossing another branch at 1,950 feet.  The only direction in the foregoing is south 58 degrees 30 minutes west.

The survey ordered by the Trial Court (Exhibit A to their opinion does not indicate the compass reading of the straight line decreed by the Trial Court.

With the clouded and incomplete engineering data it is readily seen that a straight line between two agreed termini was the only satisfactory resolution available to the Trial Judge.

This non-jury judgment comes to this Court for review de novo upon the record and must be affirmed unless the evidence preponderates against the factual findings of the Trial Judge.  TRAP Rule 13(d).

Any conflict in testimony requiring a determination of the credibility of witnesses is for the Trial Court and being upon the reviewing court unless other real evidence compels a contrary conclusion.  State ex rel Balsinger v. Town of Madisonville, 222 Tenn. 272, 435 S.W.2d 803 (1968); Bowman v. Bowman, Tenn. App. 1991, 836 S.W.2d 563.  No such real evidence in this record compels a contrary conclusion.

The evidence does not preponderate against the factual conclusions upon which the judgment of the Trial Court is based.  Upon review de novo upon the record, this Court agrees with the decision of the Trial Court.

The judgment of the Trial Court is affirmed.  Costs of this appeal are assessed against the appellants and their surety.  The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED**


_____
HENRY F. TODD,
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE